IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DENNIS ROSS,

        Plaintiff

vs.                                                Case No. 13-1061-SAC

CHRISTODULOS STAVENS,

        Defendant.

MEMORANDUM AND ORDER

The plaintiff Dennis Ross ("Ross") moves for summary judgment on his sole claim for breach of an indemnity agreement and against the four affirmative defenses raised by the defendant Christodulos Stavens ("Stavens"). (Dk. 20). The defendant's response does not controvert or offer any material facts as to create a genuine issue that would preclude summary judgment. (Dk. 21). The plaintiff is entitled to summary judgment.

Ross loaned $1,800,000 to Cardiovascular Hospitals of American, L.L.C. ("Loan"). Stavens and Ross entered into an Indemnity Agreement whereby Stavens personally guaranteed 16.67% of the Loan, plus interest, costs along with attorney fees incurred more than 180 days after any demand for repayment was made on Stavens. Others entered into similar indemnity agreements with Ross to induce him to make the Loan and as a condition precedent to the Loan. Ross made the Loan which was not repaid according to its terms. Repayment was demanded under the Indemnity

Agreement on October 21, 2010. Counsel for Ross sent a letter on or about April 7, 2011, to Stavens and others indicating the amounts due under Indemnity Agreement. All, but Stavens, have admitted liability to Ross and begun repayment. Stavens is in breach of Indemnity Agreement having failed to repay any of the amounts due and owing under it.

Stavens' breach has damaged Ross. On November 21, 2011, Ross received a partial payment of $70,000 from Cardiovascular Hospitals of America, L.L.C., and Stavens was credited $11,666.67 for this payment. Ross avers his calculated damages are as follows:

> The initial principal amount of $300,000, pluse accrued interest at 8% per annum ($65.75 per diem) from September 1, 2010 through November 20, 2010, plus accrued interest at 16% per annum ($131.51 per diem) from November 20, 2010 until the present day, which as of September 1, 2013 totaled $142,258.90, plus costs and attorney fees, less $11,666.67 for the credit received November 21, 2011, for a total amount outstanding of $425.231.96 as of that date.

(Dk. 20, p. 3). Ross denies knowing any factual basis for any of Stavens' pleaded affirmative defenses and observes that Stavens has not alleged any factual bases for these defenses.

Rule 56 authorizes a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it would affect the outcome of a claim or defense under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]he dispute about a material fact is 'genuine,' . . ., if the evidence

is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether the evidence is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. at 251–52. Put another way, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *See Pinkerton v. Colorado Dept. of Transp.*, 563 F.3d 1052, 1058 (10th Cir. 2009).

On summary judgment, the initial burden is with the movant to point out the portions of the record which show that the movant is entitled to judgment as a matter of law. *Thomas v. Wichita Coca–Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.1992), *cert. denied*, 506 U.S. 1013, 113 S.Ct. 635, 121 L.Ed.2d 566 (1992). If the movant meets that burden, the non-movant must come forward with specific facts based on admissible evidence from which a rational fact finder could find in the non-movant's favor. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). The non-movant's "burden to respond arises only if the" movant meets its initial burden of production. *Neal v. Lewis*, 414 F.3d 1244, 1248 (10th Cir.2005) (citation omitted).

Ross has fulfilled his initial summary judgment burden setting out those material facts establishing his claim and supported them with

citations to the record and his affidavit. He also averred the absence of any facts to support Stavens' affirmative defenses. Stavens has filed a "response in opposition," (Dk. 21), but he has not specifically controverted any of the material facts appearing in Ross' motion. Consequently, the facts appearing in the summary judgment motion are deemed admitted by Stavens. *See* D. Kan. 56.1(a). Stavens' response offers no factual or legal basis for denying the plaintiff's summary judgment motion. Ross admits that the proceeds from his loan to Cardiovascular Hospitals of American, L.L.C. were to be used as a secondary loan to Kentuckiana Medical Center, LLC. ("KMC"). Stavens offers no evidentiary support for his statements that a Chapter 11 bankruptcy plan for KMC is to become effective soon and that it will result in in a cash payment anticipated to go directly to Ross. Thus, Stavens asks that in the event of summary judgment on liability, the court should conduct a hearing on damages so that both sides may offer their own evidence.

The court grants this motion for summary judgment on the issue of Stavens' liability under the indemnity agreement and against any affirmative defenses to that liability. As for damages, the court also grants summary judgment on the manner of calculating the contract damages through the date of judgment. The plaintiff's affidavit establishes a total amount of $425,231.96 through September 17, 2013, with additional interest accruing at $131.51 per day to the date of judgment, December 11, 2013 (85 x $131.51=$11,178.35), for total contract damages of

4

$436,410.31, with post-judgment interest. The court is not convinced of any need for a damages hearing, as the defendant raises concerns over accounting for future payments and credits over which there does not appear to be a current dispute. The plaintiff's motion also establishes entitlement to attorneys' fees and costs through the date of judgment and for future collection efforts, but it fails to provide the evidentiary material to address these matters in this order. The court will give the parties 30 days to consult with each other and file an appropriate stipulation if an agreement is reached. If the parties are unable to agree, then the plaintiff's counsel should submit the required affidavits offering the necessary proof for determining the reasonable fees and costs through the date of that submission.

IT IS THEREFORE ORDERED that the plaintiff's motion for summary judgment (Dk. 20) is granted, and the plaintiff is awarded damages and interest to this date totaling $436,410.31 with post-judgment interest, plus fees and costs to be determined later according to the procedure outlined above.

Dated this 11th day of December, 2013, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge